**Mary Sue GONZALEZ, Plaintiff–Appellant,**

v.

**Rose LIRA, an individual; et al., Defendants–Appellees.**

No. 01–56355.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002 *.

Decided Aug. 22, 2002.

Before: SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Mary Sue Gonzalez appeals pro se the district court's dismissal of her action against the United States of America and three employees of the Administrative Office of the United States Courts alleging civil rights violations under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and related state tort claims. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo a dismissal for failure to state a claim, *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999), and we affirm.

The district court properly denied Gonzalez's civil rights claims because the Civil Service Reform Act ("CSRA") precludes *Bivens* actions for money damages brought by judicial employees for alleged constitutional violations in the workplace. *See Blankenship v. McDonald,* 176 F.3d 1192, 1194–95 (9th Cir.1999); *see also Orsay v. U.S. Dept. of Justice,* 289 F.3d 1125, 1128–29 (9th Cir.2002) (holding the CSRA preempts federal claims that fall within its scope even when the statute provides no alternative remedy). Gonzalez's state law claims are also preempted by the CSRA. *See Blankenship,* 176 F.3d at 1196.

Because Gonzalez is not the prevailing party, we deny her request for attorney's fees and costs. *See* Fed. R.App. P. 39.

**AFFIRMED.**

**John D. JENKINS, Plaintiff–Appellant,**

v.

**SOCIAL SECURITY ADMINISTRATION; et al., Defendants–Appellees.**

No. 01–36132.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Aug. 12, 2002 *.

Decided Aug. 22, 2002.

Before: SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

## MEMORANDUM **

John D. Jenkins appeals pro se the district court's judgment dismissing his damages action against the Social Security Administration for its alleged inaccurate calculation of his benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the dismissal, *Hooker v. United States Dep't of Health & Human Servs.*, 858 F.2d 525, 529 (9th Cir.1988), and we affirm.

The district court properly dismissed Jenkins' action as barred by 42 U.S.C. § 405(h) for failure to exhaust administrative remedies. *See id.* at 529–30. The district court properly rejected Jenkins' attempts to circumvent the exhaustion requirement by characterizing his action as one for civil rights violations. *See id.*

**AFFIRMED.**

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**Karl FALER, Plaintiff—Appellant,**

v.

**Mary Katherine LINDLEY, Defendant—Appellee.**

No. 01–36095.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002 *.

Decided Aug. 22, 2002.

Before: SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Faler's request for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.